IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICARDO GARCIA, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3199 |
| | § | |
| BUBBLES ENTERPRISES, LTD., | § | |
| *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Ricardo Garcia filed this lawsuit to recover overtime compensation allegedly due under the Fair Labor Standards Act ("FLSA"). The case is now before the Court on Defendants' Motion to Compel Arbitration and to Dismiss or Stay Proceedings ("Motion") [Doc. # 6], to which Plaintiff filed a Response [Doc. # 10], Defendants filed a Reply [Doc. # 14], and Plaintiff filed a Surreply [Doc. # 16].[1] The Court has carefully considered the full record in this case, including the testimony presented at the hearing on February 16, 2006. Based on this review of the evidence, the parties' arguments, and the application of governing legal authorities, the Court grants Defendant's Motion to Compel Arbitration.

---

[1] Also pending is Plaintiff's Motion for Notice to Potential Class Members and for Limited Discovery [Doc. # 5], which will be addressed in a separate order after further investigation into whether Miguel Alvarez (or Alvares) is a proper plaintiff.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The Court makes the following findings based on the evidence in the record. Plaintiff Ricardo Garcia is a "trainer" for Defendant Bubbles Enterprises, Ltd. ("Bubbles"), where he has worked for ten years. Allen Sattler, the Store Director at the Bubbles location on Memorial where Garcia works ("the Memorial location"), does not speak Spanish. Although Garcia is not proficient in English, he understands and speaks the language. Garcia communicates sufficiently with Sattler to carry out Sattler's varied instructions. Garcia frequently helps Sattler communicate with other Spanish-speaking employees about deficiencies in those employees' work and other matters.

On August 27, 2005, Garcia signed an arbitration agreement (the "Arbitration Agreement") written in Spanish. *See* Defendants' Hearing Exhibit 1. The Arbitration Agreement had been given to Garcia at least one day, and likely a few days, earlier during a meeting Sattler held with Garcia and other trainers. During the meeting, with Garcia serving as a Spanish/English interpreter as needed, Sattler explained in a basic manner the terms of the company's Arbitration Policy and Agreement, and answered the trainers' questions. Sattler allowed the trainers to take the unsigned copies of the agreement home to review and, if they wanted, to discuss the matter with whomever they chose.

Later that day, Sattler distributed copies of the Arbitration Agreement to the other employees at the Memorial location. Employees who spoke Spanish were given copies of the agreements written in Spanish. Again with Garcia's assistance, Sattler answered any questions asked by the employees about the Arbitration Agreement (and policy). As was true for the trainers, the employees were permitted to take the unsigned Arbitration Agreement home with them. Garcia and Sattler both testified about an employee, Diana Baker, who stated that she was going to consult with an attorney before signing her copy of the Arbitration Agreement. She kept the agreement several days. There is no persuasive evidence that the employees or trainers were told they could not show the agreements to attorneys or get counseling on the policy. Within a few days after the Arbitration Agreements were distributed to the employees, all the employees – including Garcia – had signed and returned them to Sattler.

Garcia testified at the hearing that he had an attorney at the time he received his copy of the Arbitration Agreement, but he did not consult with the attorney before signing.

On September 13, 2005, Plaintiff filed this FLSA lawsuit. Plaintiff alleged that Bubbles failed to pay him all the overtime compensation to which he and other employees were entitled.

On December 20, 2005, Defendants filed their Motion to Compel Arbitration. The English version of the Arbitration Agreement signed by Garcia provides that the arbitrator may grant any "remedy or relief that the arbitrator deems just and equitable, including any remedy or relief that would have been available . . . had the matter been heard in court."  *See* English Version of Arbitration Agreement, Exhibit A3 to Defendants' Reply, p. 2.  The Arbitration Agreement permits the arbitrator to award attorneys' fees, but prohibits class and collective actions, unless agreed to by both parties in writing.  *See id.*  The arbitration is to be conducted under the American Arbitration Association National Rules for the Resolution of Employment Disputes, and Bubbles will pay all costs associated with the arbitration except that the parties will split the initial filing fee.[2]  *See id.*  The Arbitration Agreement states in bold, capitalized print that the employee understands "THAT THIS AGREEMENT RESTRICTS MY RIGHT TO SUE MY EMPLOYER . . .."  *Id.* at 3.

At the initial pretrial conference on January 6, 2006, Plaintiff's counsel represented that he intended to file an amended complaint adding as an additional Plaintiff an individual who did not sign the Arbitration Agreement because he was no

---

[2] Counsel for Defendants have represented throughout this case that Bubbles will pay ***all*** costs associated with the arbitration.  The Court expects Bubbles to pay all costs, including the full filing fee, as represented by its counsel, and the fact that Bubbles is paying all costs may not be disclosed to the arbitrators.

longer employed by Bubbles in August 2005 when the agreements were distributed. The First Amended Complaint was filed on January 13, 2006, naming Ricardo Garcia and Miguel Alvarez as plaintiffs.[3]

The Motion to Compel Arbitration has been fully briefed, and the Court has conducted an evidentiary hearing during which both parties were allowed to present evidence, including testimony from witnesses, to support their respective positions. The Motion to Compel Arbitration is now ripe for decision.

**II.   ANALYSIS**

"Arbitration is 'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *PaineWebber Inc. v. The Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 462 (5th Cir. 2001) (quoting *United Steelworkers of Amer. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Therefore, the Court must first determine whether there is a valid agreement between the parties to arbitrate their dispute. *See Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). "Although there is a strong federal policy favoring arbitration, this federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Will-Drill*

---

[3]   After Defendants advised that there were no records of "Miguel Alvarez" having worked for Bubbles, Plaintiffs' counsel stated that "Alvares" is the correct spelling of the new plaintiff's last name.

*Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (internal quotations and citations omitted). In deciding whether the parties entered into a valid agreement to arbitrate, the Court applies general contract principles. *Id.*

### A. Existence of an Arbitration Agreement Between Garcia and Bubbles

Garcia originally denied signing an arbitration agreement with Bubbles and questioned the authenticity of the signature on Bubbles' copy of the agreement. At the hearing, Garcia testified that he signed something, but that he remembered the document as being in English. During a break in the hearing, Garcia's counsel stipulated with defense counsel that the signature on the Arbitration Agreement was Garcia's.

Because Bubbles' representatives' integrity had been challenged, Defendants nevertheless presented the testimony of an experienced document examiner who opined that Garcia's signature on the Arbitration Agreement is authentic. The Court also compared the signatures known to be authentic with the signature on the Arbitration Agreement and a second signature on the Arbitration Policy appended to the Agreement.[4] This visual inspection convinces the Court that the two signatures are in fact Garcia's.

---

[4] The Arbitration Agreement signed by Garcia was admitted as Hearing Exhibit 1.

The Court finds that Garcia signed the Arbitration Agreement. The parties do not disagree that the Arbitration Agreement, if not unconscionable, would cover this FLSA dispute.[5] As a result, the Court finds that there exists an agreement between Garcia and Bubbles to arbitrate the issues in this FLSA litigation.

### B. Garcia's Unconscionability Argument

Garcia argues that the Arbitration Agreement is unconscionable, and therefore unenforceable. "[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)). An arbitration agreement may be procedurally unconscionable if the agreement or its terms are arrived at in a legally impermissible manner, or it may be substantively unconscionable if the terms of the agreement are themselves legally impermissible. *See In re Turner Brothers Trucking Co., Inc.*, 8 S.W.3d 370, 376 (Tex. App. – Texarkana 1999, mandamus denied). In determining whether an arbitration agreement or other contract is unconscionable, the Court examines the totality of the circumstances surrounding the agreement. *See id.* As noted by the Fifth Circuit, the "only cases under Texas law in which an agreement was found procedurally unconscionable

---

[5] The law in the Fifth Circuit is clear that FLSA claims are subject to arbitration. *See Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004).

involve situations in which one of the parties appears to have been *incapable* of understanding the agreement." *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1077 (5th Cir. 2002) (emphasis added).

Garcia, who has the burden to prove unconscionability, appears to rely on procedural unconscionability arguments. Garcia presented only his own testimony that he was given the Arbitration Agreement and told he could not clock in for work unless he signed it. Garcia testified that he was not given a copy of the Arbitration Agreement in Spanish, that he did not understand the Arbitration Agreement, and that it was not explained to him. Garcia's testimony is inconsistent with all other evidence in the record and, for a variety of reasons, is not credible. As a result, he has not carried his burden to prove unconscionability.

Moreover, the credible evidence in the record establishes – and the Court finds – that Garcia was given a Spanish language version of the Arbitration Agreement, that Sattler explained the essence of the Arbitration Agreement to Garcia and others, and that Garcia interpreted the explanation for other trainers and employees at Bubbles. Sattler gave Garcia an opportunity to take the unsigned agreement home with him to review at his leisure and to discuss with his attorney or anyone else of his choosing. The credible evidence fails to show that Garcia was in any way incapable of understanding the Arbitration Agreement. Rather, the credible evidence shows that the

essence of the Arbitration Agreement was explained to him. At a minimum, Sattler explained that when an employee had a dispute with Bubbles that he could not work out with the supervisors or owners, the parties had to take the dispute to a neutral person who would decide the issue at no cost to the employee. The Court cannot find that this explanation, while perhaps oversimplified, was legally insufficient. It is clear Garcia was given a reasonable opportunity to seek further explanation from Sattler, from an attorney, or from any other person he chose. Garcia did nothing prior to returning his signed Arbitration Agreement to indicate he did not understand the basic terms of the Arbitration Agreement. Under these circumstances, the Arbitration Agreement is not unconscionable. *See, e.g., In re Rangel*, 45 S.W.3d 783, 786-77 (Tex. App. – Waco 2001) (upholding lower court's finding that contract was not unconscionable where individual was "75 years old, had never attended school, was functionally illiterate, and was hard of hearing" because he asked no questions, did not request further explanation, and did nothing else to indicate that he did not understand the contract).

Garcia also alleges that the Arbitration Agreement is unconscionable because he was told he would not be permitted to clock in for work unless and until he signed it. The Court finds, however, that no one ever presented this ultimatum to Garcia expressly or implicitly, and his suggestion that this was Bubbles' policy is not based

on any conduct by Defendants. Further, Garcia's testimony about his signing of a copy of the Arbitration Agreement is not credible. In any event, inequality in bargaining power and pressure to sign an arbitration agreement quickly are insufficient to establish that the agreement is unconscionable. *See Fleetwood*, 280 F.3d at 1077; *Turner Brothers*, 8 S.W.3d at 377.

At the hearing on Defendants' Motion to Compel Arbitration, Garcia's counsel asked several questions regarding whether Garcia and others understood that they were giving up their right to proceed collectively under FLSA. The Fifth Circuit has rejected the argument counsel appears to be making – that the Arbitration Agreement is unconscionable because it precludes collective actions. *See Carter*, 362 F.3d at 297 (rejecting the argument "that their ability to proceed collectively deprives them of substantive rights available under the FLSA").

Based on the foregoing, having considered the full record and the governing legal authorities, the Court concludes that Garcia has failed to satisfy his burden to prove that the Arbitration Agreement is unconscionable.

### III. CONCLUSION AND ORDER

Defendants have established the existence of an arbitration agreement between Plaintiff Ricardo Garcia and Bubbles Enterprises, Ltd. The Court finds that Garcia signed the Arbitration Agreement and that it covers the dispute at issue.

Plaintiff has failed to show that the Arbitration Agreement is unconscionable or otherwise unenforceable.  Indeed, the Court finds that Defendant provided Garcia with a copy of the Arbitration Agreement in Spanish, explained its terms to him, and allowed him to take the unsigned agreement with him to review more thoroughly or to discuss with others including, if Garcia so desired, an attorney.  Accordingly, it is hereby

**ORDERED** that the Motion to Compel Arbitration [Doc. # 6] is **GRANTED** and Ricardo Garcia's FLSA claim shall be submitted to binding arbitration in accordance with the terms of the Arbitration Agreement.  It is further

**ORDERED** that counsel shall appear on **March 14, 2006 at 10:00 a.m.** for a conference in connection with Plaintiff's Motion for Notice to Potential Class Members [Doc. # 5].  <u>**Both** Ricardo Garcia and Miguel Alvarez (or Alvares) must appear in person and will be required to present photo ID.</u>

SIGNED at Houston, Texas, this **22nd** day of **February, 2006.**

_____
Nancy F. Atlas
United States District Judge